103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Doran Ray BENNETT, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 96-1204.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Nov. 20, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 In this collateral attack on a criminal conviction, Doran Bennett makes the same argument in two ways: he insists that the state denied him the right of self-representation recognized by Faretta v. California, 422 U.S. 806 (1975), and that his trial and appellate counsel rendered ineffective assistance by not presenting the Faretta argument. The only reason to take up cudgels against counsel is to clear away any claim of forfeiture; and as the state courts resolved the Faretta contention on the merits, we need not devote time to the forfeiture possibility.
 
 
 2
 Bennett was dissatisfied with the lawyer appointed to defend him, and he sent the judge a letter asking for different counsel. In open court, the judge stated that Bennett had not established entitlement to a change of counsel. This exchange ensued:
 
 
 3
 MR. BENNETT: What if I decide to represent myself? Am I allowed to do that?
 
 
 4
 THE COURT: I don't--you know, I would talk with you about it--what experience do you have, if any?
 
 
 5
 MR. BENNETT: None, but I would at least try to--you know--if I can't get no satisfaction out of the man, what am I gonna do?
 
 
 6
 THE COURT: Well, apparently there is some conflict here that you two are going to have to resolve.
 
 
 7
 MR. BENNETT: I tried to, but he won't listen to me.
 
 
 8
 THE COURT: I say, you're telling me on the one hand that you want to be your own attorney, then you tell me that you have no experience at all. It would be totally inappropriate for me to expect you to represent yourself when you're opposed by a law school graduate, a deputy prosecutor. It certainly would not be a fair trial at all, so I am not going to allow you to do that. Now, there are times when people are permitted to do that, but only if they have some qualification to do it. You're telling me that you have no experience of any kind, at all, you know--there are rules of evidence and procedure that have to be followed. So I respectfully again, am going to decline your request to appoint another public defender for you and I'm also denying your request to be your own attorney and reaffirming your trial for October 17th, okay? Gentlemen, I hope we can work out whatever problem there is here.
 
 
 9
 Bennett never raised the subject again. So far as the record reveals, Bennett and the public defender worked out their problems, and counsel presented a defense that satisfied Bennett. Not until filing a petition for collateral relief in state court did Bennett again express a desire for self-representation.
 
 
 10
 After holding an evidentiary hearing, the state judge concluded that Bennett did not want to represent himself, but was merely expressing frustration about his inability to get his appointed lawyer to see matters his way. The court denied the petition for collateral relief. The court of appeals affirmed, 636 N.E.2d 1291 (Ind.App.1994) (unpublished), stating that the colloquy did not reflect an unambiguous request for self-representation, and therefore did not bring Faretta into play. The district court then denied Bennett's petition for a writ of habeas corpus under 28 U.S.C. § 2254. 909 F.Supp. 1169 (N.D.Ind.1996). The district court agreed with the state court that Bennett's request was equivocal, and it added that by failing to renew his request Bennett appears to have acquiesced in representation.
 
 
 11
 Changes in law since the district court's decision--in particular, the new standard of review in 28 U.S.C. § 2254(d) adopted as part of the Antiterrorism and Effective Death Penalty Act, see Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), and the revised rules, now in § 2254(e), for federal review of state courts' findings of fact--have the potential to complicate this litigation by requiring a close study of some unsettled questions. To what extent is a finding that a defendant did not clearly ask to represent himself one of "fact" for purposes of the new § 2254(e)? How does "reasonableness review" under the new § 2254(d) apply to questions of characterization, such as the one presented here? But we need not explore these byways, for even if the question of characterization were legal and our review plenary, we would not rule in Bennett's favor.
 
 
 12
 Bennett inquired about the possibility of self-representation, but he never made an unequivocal demand to represent himself. He did not attempt to discharge the public defender. His request, as we read it, was about his options in the event he and his lawyer remained at odds. For all this record reveals, defendant and defender achieved concord, just as the trial judge asked them to do. If we permitted this isolated inquiry to preserve a Faretta claim, it would be altogether too easy to salt a record with error, in the hope of obtaining release when passage of time had made a retrial difficult. Suppose Bennett's query--"What if I decide to represent myself? Am I allowed to do that?"--were cast as one for counsel, as in: "What if I decide I need a lawyer? Am I allowed to have one?" Such a question, asked of the police, would not today be treated as an unequivocal request for counsel, for purposes of Miranda and Edwards. See Davis v. United States, 512 U.S. 452 (1994). Similarly, such a question need not be deemed a demand to get rid of counsel.
 
 
 13
 Bennett wanted counsel all along--although he wanted his lawyer to be more attentive to his view of how to conduct the case. His wish appears to have been granted, although he was convicted nonetheless, and is not entitled to a writ of habeas corpus.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(F)